UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-238-HRW

CHARLES P. HAYS,                                                            PLAINTIFF,

v.         **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying his application for supplemental security income benefits.

The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on November 9, 1994. The Title II claim was denied but the Title XVI claim was allowed based upon evidence of a severe and disabling alcohol / substance abuse addiction.

Plaintiff received benefits until January 1, 1997. After that date, his benefits were terminated as a result of the passage of the "Contract with America" Legislation which precluded Title XVI benefits where alcohol or substance abuse was "material" to the finding of disability (Tr. 302-303).

Plaintiff appealed, arguing that he was disabled for reasons other than alcohol / substance abuse and requested a hearing before an Administrative Law Judge. ALJ James Quinlivan convened two hearings in this matter, on July 11, 1997 and October 31, 1997. On July 17, 1997 ALJ Quinlivan issued an unfavorable decision, finding that Plaintiff's alcohol / substance abuse was a material factor to the issue of disability.

Plaintiff's request to the Appeals Council to review ALJ Quinlivan's decision was denied. Plaintff thereafter filed a civil action in the United states District Court for the Eastern District of Kentucky, again alleging that he was disabled for reasons other than alcohol / substance abuse. The District Court remanded the matter for further consideration of Plaintiff's mental impairment.

Pursuant to the remand, a hearing was held before ALJ Charlie Paul Andrus on September 21, 2994, wherein Plaintiff, accompanied by counsel, testified (Tr. 429-443). At the hearing, Leah Salyers, a vocational expert (hereinafter "VE"), also testified (Tr. 443-449).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On January 24, 2005, the ALJ issued his decision finding that, in the absence of alcohol / substance abuse, Plaintiff, while being unable to perform his past relevant work, could perform alternate work which exists in significant numbers in the national economy (Tr. 314-315). The ALJ further found that Plaintiff was disabled but that alcohol / substance abuse is a contributing factor material to the

issue of disability (Tr. 302-315). Thus, Plaintiff was not under a "disability," as defined in the Social Security Act.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on October 26, 2005 (Tr. 281-283).

Plaintiff filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The Plaintiff makes several superficial statements such as, "Hays cannot read and is learning disabled," "[t]he record basically shows Hays has reached the end of his rope regarding substance abuse" and "[t]he denial decision is not supported by substantial evidence."  However "'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997), quoting ----. Further, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'" *Id*.

However, giving Plaintff the benefit of the doubt, it would appear that the main issue in this case is whether the ALJ properly determined that Plaintiff's substance and alcohol abuse was material to the finding of disability.

Having reviewed the record, the Court finds that the ALJ did not err in finding that Plaintiff's substance and alcohol abuse was material to the finding of disability.

As the ALJ pointed out, in psychiatrist Dr. Kevin Eggerman's examination report, dated August 27, 2000, he noted "[Hays] presents with alcohol on his breath today - [he] is asked how much he drinks now and states 'as much as I can get' " (Tr. 208). Plaintiff also told Dr. Eggerman that he had relapsed into narcotic use with "anything I can get . . . Tylox . . . Valium . . . Soma . . .' " (Tr. 208). Dr. Eggerman concluded that "with the exception of alcohol and opioid dependence, [Hays] does not clearly fulfill DSM criteria for other specific Axis I or Axis II diagnoses" (Tr. 212).

Two state agency psychiatrists reviewing the record on September 20, 2000 and July 9, 2001, respectively, opined that Plaintiff's primary diagnosis was substance abuse (Tr. 228-224, 254 -270).

On December 20, 2003, Plaintiff underwent a consultative examination with Dr. Joseph Koenigsmark, DO who remarked that "at the time of the evaluation it would appear that the patient had a smell of alcohol, and with further evaluation during the physical exam this became more evident" (Tr. 375).

The record is replete with evidence of continued, disabling alcohol and substance abuse. As such, the Court finds that the ALJ's determination that Plaintiff's alcohol / substance abuse was material to the finding of disability is supported by substantial evidence on the record.

The Court is mindful that the burden is on Plaintiff to prove that his substance and alcohol abuse was not material to the finding of disability. As noted above, Plaintiff has failed to refer to any evidence or make any cogent argument in this regard.

## III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This   November 6, 2006.

Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge